[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION IN LIMINE, MOTION FOR APROTECTIVE ORDER AND/OR FOR AN ORDER OF PRECLUSION
The plaintiff, who was a first year resident employed by Yale New Haven Hospital, alleges that while performing an arterial line insertion on an AIDS patient she stuck herself with the needle. Subsequent thereto she tested positive for HIV and instituted suit against the defendant claiming that it was negligent in not adequately training or supervising her.
In connection with the pre-trial management of this action, it developed that the plaintiff had completed a questionnaire formulated and distributed in connection with a survey entitled "Needlestick Injuries Among Resident Physicians".
In her deposition the plaintiff testified she felt "uncomfortable" in performing the procedure, which fact she communicated to Dr. Heald before commencing the procedure and that testimony on the part of Dr. Heald to the contrary was not true.
In response to a question in the questionnaire (#3), the plaintiff indicated she "felt comfortable performing" the procedure in question. In her deposition the plaintiff testified, inter alia, that that said answer was not true and that she did not know why she had given such answer.
The focus of the instant Motion In Limine, For Protective Order And For An Order of Preclusion, filed by the plaintiff, is to prevent use by the defendant of the plaintiff's response to the questionnaire. Said answer appears inconsistent on its surface with plaintiff's deposition testimony. CT Page 10611
The grounds of the motion are that (1) the questionnaire and its contents are inadmissible and protected by C.G.S. § 19a-17b and § 19a-25 relating to peer review proceedings and morbidity and mortality records respectively; (2) the defendant failed to disclose the questionnaire's existence pursuant to the rules pertaining to discovery, and (3) the defendant represented questionnaire would be anonymous and kept confidential.
Based on briefs and oral arguments of the parties, the court concludes that the "survey" in question does not fall within the statutory protection afforded to peer review proceedings or records relating to morbidity and mortality.
With respect to the claim of violations of the rules relative to discovery, the court finds that the existence of the questionnaire was not discovered until shortly prior to continuation of plaintiff's deposition in January 1992 and then not identified as having been completed by the plaintiff until the time of the deposition. Under said circumstances the court rejects the plaintiff's claim in this regard.
As concerns the argument relative to defendant's representation that the questionnaire would be "anonymous" and confidential, the court is of the opinion that any confidentiality that may have attached to plaintiff's answers was waived by her placing same in issue. It would not serve the ends of justice to permit the plaintiff to testify in a fashion supportive of her position and then allow her to assert the claim of privilege or confidentiality to suppress available evidence to the contrary.
Motion In Limine, Motion For Protective Order And/Or For an Order of Preclusion are denied.
Flanagan, J.
MEMORANDUM OF DECISION RE: MOTION TO QUASH SUBPOENA